UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2958-B-BF |
| | § | |
| METHODIST HOSPITALS | § | |
| OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Jason Simmons's Motion for Leave to File a Second Amended Complaint. Doc. 18. Plaintiff seeks leave to amend his pleadings so as to include a claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). For the reasons that follow, the Motion is **DENIED**.

### I.

### BACKGROUND

On January 4, 2011, Plaintiff Jason Simmons ("Simmons") filed suit in this Court under civil action number 3:11-CV-0017-B (the "First Suit"), alleging that Defendant Methodist Hospitals of Dallas ("Methodist") had discriminated against him on account of his race. On April 26, 2012, the Court granted summary judgment in Methodist's favor as to the claims asserted in the First Suit. *See Simmons v. Methodist Hosp. of Dall.*, No. 3:11-CV-0017-B, 2012 WL 1447970, at *7 (N.D. Tex. Apr. 26, 2012).

Following the summary disposition of the First Suit, Simmons filed the present lawsuit against

Methodist on August 18, 2014, alleging that Methodist retaliated against him in May and June of 2010 in response to his complaint regarding the discriminatory treatment that formed the basis of the First Suit. *See* doc. 3, Orig. Compl. On September 30, 2014, after obtaining permission from the Court, Simmons filed his First Amended Complaint, in which he asserted claims for negligence, defamation, fraud, breach of contract, and intentional interference with prospective contract. *See* Doc. 13, Amended Compl. The First Amended Complaint did not, however, incorporate Simmons's claim for retaliation. *See id.*

On October 14, 2014, Methodist filed a Motion to Dismiss Simmons's First Amended Complaint, asserting that his claims are barred by the applicable statutes of limitations, and that his retaliation claim was abandoned, as it was not included in the First Amended Complaint. Doc. 15, Mot. to Dismiss 2–5. Alternatively, Methodist moved to dismiss the retaliation claim on the ground that it is likewise time-barred. *Id.* at 5–6.

In response to Methodist's Motion to Dismiss, Simmons filed the present Motion for Leave to File a Second Amended Complaint on October 18, 2014, seeking to include the claims alleged in the First Amended Complaint as well as his previously-asserted claim for retaliation. *See* doc. 18, Mot. for Leave to File Second Amended Compl. ("Simmons Mot.") 1–2. On November 3, 2014, Methodist submitted its Response (doc. 25), indicating that it would be futile for Simmons to revive his retaliation claim, as it is time-barred. *See* doc. 25, Resp. in Opposition to Pl.'s Mot. for Leave to File Second Amended Compl. ("Methodist Resp.") 1–2. Simmons did not file a Reply in support of his Motion. As such, the Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) directs the Court to grant leave to amend freely "when justice so requires," and affords the Court discretion in granting such leave. Fed. R. Civ. P. 15(a)(2). "Unless there exists a substantial reason for denying leave to amend, the district court should permit the filing of a proposed amendment." *Hinds v. Orix Capital Markets, L.L.C.*, No. Civ. A. 3:02-CV-0239-P, 2003 WL 21350210, at *3 (N.D. Tex. June 10, 2003). "In determining whether to grant leave to amend, the court may consider several factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Although the Fifth Circuit has not specifically defined "futility," it has "interpreted it to mean that the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted). Thus, courts apply the legal sufficiency standard used under Rule 12(b)(6). *Id.* (citations and quotations omitted).

## III.

## ANALYSIS

Simmons requests leave to amend his complaint, noting that he has exhibited neither delay nor bad faith in seeking this relief. Simmons Mot. 2. He contends that Methodist will not be prejudiced by the amendment, as he only proposes to add a retaliation claim—previously asserted in his Original Complaint—to the claims listed in his First Amended Complaint. *Id.* Methodist, however, insists that Simmons's retaliation claim is time-barred, and that the inclusion of such claim

would thus be futile. Methodist Resp. 3. Moreover, Methodist argues that the addition of this claim would be highly prejudicial, as it would require it to defend against a futile and frivolous claim. *Id.*

Under 42 U.S.C. § 2000e-5(e)(1), a person aggrieved of an unlawful employment practice must file a charge with the Equal Employment Opportunity Commission (EEOC) "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). The party must then file suit within ninety days after receiving notice of dismissal from the EEOC. *Id.* § 2000e-5(f)(1).

In his Original Complaint, Simmons details the basis for his retaliation claim, which he then seeks to incorporate into his proposed Second Amended Complaint. *See* Orig. Compl. 4–8; Doc. 18-1, Second Amended Compl. (Proposed) 5. Thus, the Court turns to the Original Complaint to determine the viability of the retaliation claim. Simmons alleges that, while he was an internal medicine resident at Methodist, he made several complaints of discrimination to Methodist employees and officials from November 2009 to May 2010. Orig. Compl. 2, 5–6. He then maintains that Methodist retaliated against him by suspending him in May of 2010 and terminating his employment in June of the same year. *Id.* at 7. He further asserts that he filed a charge of discrimination with the EEOC within three hundred days of these alleged events, and that he filed a complaint (the First Suit) within ninety days of his receipt of the EEOC's issuance of a right to sue letter. *Id.* at 2.

After reviewing the applicable law and the record in this case, the Court determines that a substantial reason indeed exists for denying leave to amend, as Simmons's proposed retaliation claim would be futile in light of the limitations set forth in 42 U.S.C. §§ 2000e-5(e)(1) and 2000e-5(f)(1). Although Simmons assumes that, by initiating the First Suit on January 4, 2011, he preserved his

claim for retaliation and satisfied the requirements of 42 U.S.C. § 2000e-5(f)(1), the Court observes that this First Suit was limited to claims for race, color, and national origin discrimination, and did not include a claim for retaliation under 42 U.S.C. § 2000e-3(a). *See* First Suit, doc. 1, Orig. Compl. Moreover, on April 26, 2012, the Court granted Methodist summary judgment on the claims at issue in the First Suit. *See Simmons*, 2012 WL 1447970, at *7. Perhaps recognizing that the First Suit failed to assert a claim for retaliation, Simmons filed the present lawsuit on August 18, 2014, over three and a-half years after the filing of the First Suit. Thus, Simmons failed to file a claim for retaliation within the ninety-day period established by 42 U.S.C. § 2000e-5(f)(1). Accordingly, his attempt to assert a retaliation claim in the present lawsuit would be a futile endeavor, thus precluding his request for leave to amend. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (stating that leave to amend is futile when it is "sought to add a claim upon which the statute of limitations has run."); *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (affirming district court's denial of leave to amend when, among other things, amending the complaint would be futile).

Additionally, the Court is unconvinced by Simmons's argument that Methodist would suffer no undue prejudice if required to litigate a matter that is time-barred. Due to the additional burden and expense associated with defending against a claim that is not viable, the Court finds that Methodist would be prejudiced if Simmons's request for leave to amend were granted.

Based on the foregoing, the Court **DENIES** Simmons's Motion to amend his pleadings so as to include a claim for retaliation.

## IV.

## CONCLUSION

In light of the futility of asserting a retaliation claim that is time-barred, Plaintiff Jason Simmons's Motion for Leave to File a Second Amended Complaint (doc. 18) is **DENIED**.

**SO ORDERED.**

**SIGNED: April 22, 2015.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE