UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2958-B |
| | § | |
| METHODIST HOSPITALS | § | |
| OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss (doc. 15), filed by Defendant Methodist Hospitals

of Dallas on October 14, 2014. For the reasons that follow, the Motion is **GRANTED**.

## I.

## BACKGROUND[1]

A.    *Factual Background*

Plaintiff Jason Simmons ("Simmons"), appearing *pro se*, filed this lawsuit based on events that

allegedly occurred during his service as an internal medicine resident physician at Defendant

Methodist Hospitals of Dallas ("Methodist"). Simmons filed his Original Complaint on August 18,

2014, asserting a claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e-3(a). *See* doc. 3, Orig. Compl. He contends that he made several complaints of harassment

and discrimination to Methodist employees and administrators from November 2009 to May 2010,

---

[1] The Court draws its factual account from the allegations contained in Plaintiff Jason Simmons's
Amended Complaint (doc. 13), as well as from the attachments and documents incorporated therein by
reference. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

and that Methodist subsequently retaliated against him by suspending him from his residency in May 2010 and terminating him in June 2010. *Id.* at 5–7.

After obtaining leave of Court, Simmons amended his Complaint to include claims for negligence, defamation, fraud, breach of contract, and intentional interference with prospective contract. *See* doc. 13, Amended Compl. Specifically, Simmons alleges that he was falsely accused of writing unauthorized medical orders and engaging in other misconduct during his residency. *Id.* at 5. He thus asserts that Methodist, through its employees and officials, was negligent in failing to investigate and correct the allegedly false accusations from November 2009 through June 2010. *Id.* at 5–9. Simmons's defamation and fraud claims likewise arise from the allegedly false accusations that Methodist pursued during this time. *Id.* at 9–12. In connection with these events, Simmons further brings a breach of contract claim, contending that Methodist breached its employee handbook in May 2010 by ordering Simmons to undergo mental health screening and by failing to address his complaints in accordance with the handbook procedures. *Id.* at 12–18. Lastly, Simmons maintains that Methodist engaged in intentional interference with a prospective contract, as his termination in June 2010 prevented him from pursuing an employment contract he had allegedly signed with John Peter Smith Hospital. *Id.* at 18–19.

B.   *Procedural Background*

Prior to filing the present lawsuit, Simmons instituted an action for discrimination against Methodist on January 4, 2011 under civil action number 3:11-CV-0017-B (the "First Suit"). On April 26, 2012, the Court granted Methodist summary judgment as to the discrimination claims asserted in the First Suit, which were primarily based on the allegedly discriminatory treatment and the termination discussed in the present case. *See Simmons v. Methodist Hosp. of Dall.*, No. 3:11-CV-

0017-B, 2012 WL 1447970, at *7 (N.D. Tex. Apr. 26, 2012).

On August 18, 2014, more than two years following the summary disposition of the First Suit, Simmons filed the present lawsuit, alleging that Methodist suspended him in May 2010 and terminated him in June 2010 in retaliation for his complaints of discrimination. *See* Orig. Compl. On September 30, 2014, after obtaining permission from the Court, Simmons filed his Amended Complaint, in which he asserted claims for negligence, defamation, fraud, breach of contract, and intentional interference with prospective contract. *See* Amended Compl. The Amended Complaint did not, however, specifically incorporate Simmons's claim for retaliation. *See id.* On October 14, 2014, Methodist filed the present Motion to Dismiss the claims asserted in Simmons's Amended Complaint as well as the retaliation claim raised in his Original Complaint, insisting that all claims are barred by the applicable statutes of limitations and that the retaliation claim is also abandoned, as it is not included in the Amended Complaint. Doc. 15, Methodist Mot. to Dismiss 2–5.[2] Simmons submitted his Response to the Motion (doc. 17) on October 17, 2014, requesting that the statutes of limitations applicable to each claim be equitably tolled. On October 27, 2014, Methodist filed its Reply. Doc. 23. The Motion is now ripe for the Court's review.

---

[2] In response to Methodist's Motion to Dismiss, Simmons filed a Motion for Leave to File a Second Amended Complaint on October 18, 2014, seeking to combine the claims alleged in the Amended Complaint with his previously-asserted claim for retaliation. *See* doc. 18, Mot. for Leave to File Second Amended Compl. 1–2. The Court denied the motion on the basis that the addition of the time-barred retaliation claim would be futile. *See* doc. 34, Memorandum Opinion and Order on Motion for Leave to Amend.

## II.

## LEGAL STANDARD

A.     *Rule 12(b)(6) Standard*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

B.      *Pro Se Litigants*

Prior to examining the issues before the Court, the Court notes that *pro se* litigants are expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam). However, parties who proceed *pro se* are often given more leeway than represented parties in correcting errors in pleadings and defects in service of process. *Roberts v. Orleans Parish Med. Staff*, 2002 WL 1022488, at *5 (E.D. La. 2002) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)). Further, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Id.*

## III.

## ANALYSIS

A.      *Retaliation Claim*

In his Original Complaint, Simmons alleged that, following his complaints of harassment and discrimination to Methodist employees and officials from November 2009 to May 2010, Methodist retaliated against him by suspending him from the residency program in May 2010 and terminating him in June 2010. Orig. Compl. 5–8. Methodist moves to dismiss this claim, noting that it was superseded by Simmons's Amended Complaint, which did not specifically adopt or incorporate any allegation of retaliation. Doc. 15, Methodist Mot. to Dismiss ("Methodist Mot.") 3–5. In the alternative, however, Methodist insists that, even if the retaliation claim were preserved, it must nonetheless be dismissed because it is barred by the applicable statute of limitations. *Id.* at 5–6.

Although Simmons's Amended Complaint does not clearly incorporate the retaliation claim

as articulated in the Original Complaint, it does indicate that Simmons filed a claim for retaliation on August 18, 2014 and explains that "[Simmons] alleges [Methodist] retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a)." Amended Compl. 2. Contrary to Methodist's contention, this statement does not suggest that Simmons intended to abandon his retaliation claim. Moreover, Simmons's Response to Methodist's Motion to Dismiss is entirely dedicated to the argument that the statute of limitations must be tolled with respect to this retaliation claim. Therefore, in light of Simmons's *pro se* status, the arguments raised in his Response to Methodist's Motion to Dismiss, and his attempt to reassert his retaliation claim through his Motion for Leave to File a Second Amended Complaint (doc. 18), the Court determines that it must consider Simmons's retaliation claim and therefore addresses the parties' arguments with respect to the claim's viability.[3]

Methodist moves to dismiss Simmons's retaliation claim on the ground that it is time-barred, as Simmons received a right to sue letter from the Equal Employment Opportunity Commission (EEOC) on October 5, 2010, but did not file his retaliation claim until nearly four years later, on August 18, 2014. Methodist Mot. 5–6.

Under Title VII, a party aggrieved of an unlawful employment practice must file a charge with the EEOC "within three hundred days after the alleged unlawful employment practice occurred." 42

---

[3] The Court denied Simmons's Motion for Leave to File a Second Amended Complaint (doc. 18) due to the futility of the amendment. *See* doc. 34. The Court made this finding based on the briefing presented to the Court in support of the motion, which did not include a request to equitably toll the limitations period applicable to the retaliation claim. However, in response to Methodist's Motion to Dismiss, Simmons now argues that equitable tolling should apply to salvage the retaliation claim asserted in his Original Complaint. Doc. 17, Simmons Resp. 1. In light of this argument, and due to the reasons discussed above, the Court considers the applicability of equitable tolling and reevaluates the viability of the retaliation claim in deciding the present Motion to Dismiss.

U.S.C. § 2000e-5(e)(1). The party must then file suit within ninety days after the EEOC notifies him of his right to sue. *Id.* § 2000e-5(f)(1). This requirement "is strictly construed and must not be 'disregarded by courts out of a vague sympathy for particular litigants.'" *Modisette v. Dall. Area Rapid Transit*, No. 3-06-CV-2199-B, 2007 WL 582746, at *2 (N.D. Tex. Feb. 23, 2007) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)). "The ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (citing *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985)).

Simmons acknowledges that he filed an EEOC charge following the allegedly discriminatory acts that occurred in May and June 2010, and he does not dispute that he received a right to sue letter from the EEOC on October 5, 2010. Doc. 17, Simmons Resp. 2. He appears to concede that the limitations period on his retaliation claim expired ninety days following the issuance of this letter. *Id.* He requests, however, that the statute of limitations be equitably tolled to compensate for his previous attorney's failure to include the retaliation claim in the First Suit, which was timely filed on January 4, 2011. *Id.* at 3–6. Simmons does not indicate that he urged his attorney to file a claim for retaliation during the pendency of the First Suit or that he otherwise informed him of conduct that he considered to be retaliatory. Instead, Simmons notes that he repeatedly inquired about the status of the First Suit and provided his attorney with several documents related to the alleged discrimination he faced and the complaints he subsequently made regarding these events. *Id.* at 3. Based on a liberal reading of Simmons's Response, he appears to argue that his prior attorney inadequately represented him and neglected to raise the retaliation claim within the limitations period. *Id.* at 3–6. Methodist, in turn, avers that the equitable tolling doctrine does not apply to the

- 7 -

present case, noting that the acts of Simmons's prior attorney cannot be imputed to Methodist, as there was no affiliation between the two. Doc. 23, Methodist Reply 1–2.

"'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Siverston v. Clinton*, No. 3-11-CV-0836-D, 2012 WL 4473121, at *3 (N.D. Tex. Sept. 28, 2012) (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)). However, the Fifth Circuit has stated that "equitable tolling applies only in 'rare and exceptional circumstances.'" *Harris*, 628 F.3d at 239 (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). It is thus "a narrow exception" to be "applied sparingly." *Siverston*, 2012 WL 4473121, at *3 (quoting *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Such circumstances occur "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting [her] rights.'" *Siverston*, 2012 WL 4473121, at *3 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The three principal bases for equitably tolling the statute of limitations for claims under Title VII are: "(1) a pending action between parties in the wrong forum; (2) the plaintiff's unawareness of the facts supporting his claim because defendant intentionally concealed them; and (3) the EEOC's misleading the plaintiff about his rights." *Siverston*, 2012 WL 4473121, at *4 (citing *Phillips*, 658 F.3d at 457). Simmons has neither raised any of the above grounds, nor is there any indication that such grounds exist in the present case. Nowhere does the record suggest that a suit was pending in an improper forum, that Simmons was unaware of the facts relating to his suspension and

termination, or that Methodist or the EEOC engaged in misleading activity. Instead, Simmons's request for tolling is solely based on his complaint that, when filing the First Suit in January 2011, his prior attorney neglected to assert a claim for retaliation along with his discrimination claim.

Nevertheless, the Court must consider whether equitable tolling can apply due to the existence of another "extraordinary circumstance." *Pace*, 544 U.S. at 418. When the plaintiff is represented by counsel, as Simmons was in the First Suit, such an extraordinary circumstance is generally found when an external force prevented him from asserting his claim in a timely manner. *Siverston*, 2012 WL 4473121, at *4. The Fifth Circuit, however, "is reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Wion v. Quarterman*, 567 F.3d 146, 149 (5th Cir. 2009)). Thus, an attorney's neglectful acts, absent an external force that prevented plaintiff from timely filing suit, are insufficient to support equitable tolling. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (declining to apply equitable tolling based on an attorney's failure to timely file suit due to his absence from his office at the time the EEOC notice was received); *see also Harris*, 628 F.3d at 238–39 (affirming district court's denial of equitable tolling based on the attorney's assistant's failure to record the correct filing deadline).

Here, there is no indication that Simmons diligently pursued his retaliation claim but was prevented from asserting it by some extraordinary external circumstance. *See Pace*, 544 U.S. at 418. Though he complains of his attorney's conduct in the course of his representation in the First Suit, these complaints are based on his dissatisfaction with the outcome of his discrimination claim, which was dismissed on summary judgment in April 2012. Though Simmons hints at the different tactics

his attorney should have adopted in litigating the First Suit, there is nothing to suggest that he attempted to pursue a claim for retaliation but that his attorney ignored these efforts and negligently or intentionally failed to assert the claim within the limitations period. Simmons's lack of diligence in pursuing his retaliation claim is further evidenced by the length of time between the First Suit and the initiation of the present lawsuit in August 2014—over three and a-half years after the commencement of the First Suit and over two years after its conclusion. Such delay not only reveals Simmons's lack of diligence in pursuing his rights, but further demonstrates the prejudice that Methodist would suffer if required to defend against such a claim. *See Granger*, 636 F.3d at 712–13 (affirming district court's decision to equitably toll a limitations period in part due to the district court's finding that defendant would not be prejudiced by the delayed assertion of the claim). In addition, Simmons places the blame with his prior attorney, whose neglect or error is an internal factor that cannot qualify as an external extraordinary force warranting equitable tolling. *See Siverston*, 2012 WL 4473121, at *4 (finding that an error committed by an attorney's employee, which led to an untimely filing, is internal and cannot support the equitable tolling of the limitations period).

Therefore, because "equitable tolling does not apply to normal situations of attorney negligence or inadvertence," the Court finds that Simmons has not carried his burden in establishing that the limitations period of his retaliation claim should be equitably tolled. *See Harris*, 628 F.3d at 238. Accordingly, the Court **GRANTS** Methodist's Motion to Dismiss Simmons's retaliation claim.

B.      *Common Law Claims*

In his Amended Complaint, Simmons asserts causes of action for (1) negligence; (2) defamation; (3) fraud; (4) breach of contract; and (5) intentional interference with prospective

contract based on events that allegedly occurred from November 2009 through June 2010. *See* Amended Compl. 4–19. Methodist moves to dismiss these common law claims, arguing that they are barred by the applicable statutes of limitations. Methodist Mot. 2. Simmons, however, requests that the Court apply the doctrine of equitable tolling to preserve his claims. Simmons Resp. 1.

The limitations period for each of the five common law claims listed in the Amended Complaint are as follows: (1) two years for negligence claims, Tex. Civ. Prac. & Rem. Code § 16.003(a); (2) one year for defamation claims, *id.* § 16.002(a); (3) four years for fraud claims, *id.* § 16.004(a)(4); (4) four years for breach of contract claims, *id.* § 16.051; and (5) two years for intentional interference with prospective contract claims, *id.* § 16.003(a).

Simmons filed the present lawsuit on August 18, 2014 and amended his complaint to include the common law claims on September 30, 2014. *See* Orig. Compl.; Amended Compl. For the purpose of determining the expiration of the relevant limitations periods, the Court notes that the Amended Complaint relates back to the original filing date of the present lawsuit, August 18, 2014. *See* Fed. R. Civ. P. 15(c)(1)(B) (providing that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."). Therefore, absent the tolling of the applicable limitations periods, Simmons's common law claims are time-barred, as they are based on events that allegedly occurred, at the latest, in May and June 2010, when Methodist suspended and terminated his employment. *See* Amended Compl. Even if the causes of action did not accrue until July 2010—when Simmons contends he met with Dr. Stephen Mansfield, Ph.D., President and CEO of Methodist, who rendered Methodist's actions "final"—his claims would similarly be barred, as he did not file the present lawsuit until August 18, 2014. *See* Simmons Resp. 2. Thus, even if the Court were to apply the liberal July 2010

accrual date to Simmons's claims, the one-year statute of limitations applicable to his defamation claim would have expired in July 2011, while the two-year statute of limitations applicable to the negligence and intentional interference with prospective contract claims would have expired in July 2012. *See* Tex. Civ. Prac. & Rem. Code §§ 16.002(a), 16.003(a). Simmons's fraud and breach of contract claims, which have a four-year limitations period, would likewise be barred, as the deadline to assert them would have been July 2014. *Id.* §§ 16.004(a)(4), 16.051.

Simmons vaguely asserts that these limitations periods should be equitably tolled. Simmons Resp. 1, 3. Though he highlights his prior attorney's negligence only when requesting that the retaliation claim's limitation period be tolled, the Court, noting Simmons's *pro se* status, nevertheless considers whether equitable tolling salvages the common law claims asserted in the Amended Complaint. The Court thus applies the equitable tolling principles of Texas law. *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (citing *Rosella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998)). "Texas courts sparingly apply equitable tolling," declining to extend it to litigants who seek "'to avoid the consequences of their own negligence.'" *Id.* (quoting *Hand v. Stevens Transport, Inc.*, 83 S.W.3d 286, 293 (Tex. App.—Dall. 2002, no pet.)). The doctrine is applied "in situations where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period, or where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.). Additionally, courts consider any prejudice the defendant would suffer as a result of tolling. *Hand*, 83 S.W.3d at 293.

In the present case, Simmons argues that he diligently pursued his claims, emphasizing his continuing participation in proceedings before the Texas Workforce Commission, the Texas Medical

Board, and the Texas State Office of Administrative Hearing following the First Suit. Simmons Resp. 3. He does not, however, offer any argument or explanation as to how these proceedings relate to his common law claims. He further appears to fault his prior attorney for refusing to return his file at the conclusion of his representation. *Id.* at 15. Though access to his file may have assisted him in the present lawsuit, lack of such access does not excuse the untimely filing of claims based on events that Simmons allegedly personally experienced. Moreover, while Simmons asserted his attorney's omission as a basis for equitably tolling the retaliation claim's statute of limitations, he fails to clearly articulate how such omission is linked to the untimely filing of the common law claims. However, even if Simmons had voiced such an argument, the common law claims would not be tolled, as the Court previously determined that his attorney's neglect is insufficient to support equitable tolling.

In addition, despite Simmons's argument to the contrary, the Court finds that Methodist would be prejudiced by the late filing of the common law claims, which weighs against tolling the relevant limitations periods. *See Hand*, 83 S.W.3d at 293. Methodist has already litigated one lawsuit against Simmons, which resulted in summary disposition of Simmons's claims in April 2012. More than two years following the dismissal of Simmons's discrimination claims arising from the events of May and June 2010, Simmons brings a new lawsuit attempting to asserts additional claims relating to these events. Based on this delay, the Court concludes that Methodist would be prejudiced by the equitable tolling of the statute of limitations governing the common law claims. For these reasons, the Court, in its discretions, declines to apply the doctrine of equitable tolling to the common law claims asserted in Simmons's Amended Complaint.

Lastly, under Texas law, a limitations period can be tolled on the following additional grounds: (1) the plaintiff's disability; (2) a party's death; (3) the defendant's absence from the state;

and (4) the original court's lack of jurisdiction. Tex. Civ. Prac. & Rem. Code §§ 16.001(b), 16.062(a), 16.063, 16.064(a). Here, Plaintiff has not asserted any of the above-mentioned grounds for tolling. Accordingly, the Court finds no justification for tolling the statutes of limitations applicable to Simmons's common law claims.

Based on the reasons stated above, the Court concludes that Simmons's common law claims are time-barred and are not eligible for tolling. Therefore, the Court **GRANTS** Methodist's Motion to Dismiss Simmons's claims for (1) negligence; (2) defamation; (3) fraud; (4) breach of contract; and (5) intentional interference with prospective contract.

## IV.

## CONCLUSION

For the foregoing reasons, Methodist's Motion to Dismiss (doc. 15) is **GRANTED**. Finding that Simmons's claims for retaliation, negligence, defamation, fraud, breach of contract, and intentional interference with prospective contract are time-barred, the Court **DISMISSES** them **with prejudice**.

SO ORDERED.

SIGNED: May 1, 2015.


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 14 -